IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:15cr2/MW/CAS
 4:17cv161/MW/CAS

JONATHAN HARRY LEE WILLIAMS,
 Reg. No. 23211-017,
 Defendant.

_____

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant Jonathan Harry Lee Williams's Amended Motion to Correct Sentence under 28 U.S.C. § 2255. (ECF No. 68.)   The Government has filed a response (ECF No. 70) and Defendant filed a reply.   (ECF No. 71.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After review of the record, the court recommends that the § 2255 motion be denied without an evidentiary hearing.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

On January 6, 2015, Williams was charged in a two-count indictment with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) ("Count One") and possession of child pornography on a date certain in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) ("Count Two") Williams pled guilty as charged on February 25, 2015, pursuant to a written plea agreement, statement of facts and sealed supplement. (ECF Nos 28-28.) Retained counsel Ryan R. Davis represented him.

The Final Presentence Investigation Report ("PSR") determined Williams's total offense level for conduct involving three victims was 40. (ECF No. 32, PSR ¶¶ 27-57.) Williams had no criminal history, and his criminal history score was I. (*Id.* at ¶¶ 60-61.) The applicable guidelines range was 292 to 365 months as to Count One and 120 months as to Count Two. (*Id.* at ¶¶ 81, 82.)

On May 27, 2015, the court sentenced Williams to a term of 30 years on Count One and ten years on Count Two, to run concurrently, followed by a life term of supervised release. (ECF Nos. 37, 39, 40.)

Williams appealed, and his appointed attorney Randolph P. Murrell, moved to withdraw from further representation, filing a brief pursuant to

Case Nos.: 4:15cr2/MW/CAS; 4:17cv161/MW/CAS

*Anders v. California*, 386 U.S. 738 (1967). (ECF No. 63 at 3.) The Eleventh Circuit's independent review of the entire record found no arguable issues of merit. It granted the motion to withdraw and affirmed Williams's convictions and sentences. (*Id.*)

In Williams's amended § 2255 motion, he contends that his attorney was constitutionally ineffective for failure to make certain objections at either the plea colloquy or sentencing. The Government opposes the motion.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1)

cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   See *Nyhuis*, 211 F.3d at 1344.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d

1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A

hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  See *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).

<u>Williams's Claims of Ineffective Assistance of Counsel</u>

<u>Grounds One and Two</u>

Williams's first two claims target the sufficiency of the evidence supporting his convictions.   Any such direct challenge has been waived.  At the plea colloquy, Williams acknowledged, under oath, that by entering a plea of guilty he was waiving the right to force the Government to prove its case against him beyond a reasonable doubt, as well as any defenses he might have to the charges, and his right to challenge his guilt or innocence.  (ECF No. 54 at 9-10.)   Williams nonetheless chose to enter a guilty plea after the district court's thorough colloquy.   Williams's attempt to circumvent this waiver by asserting claims of "ineffective assistance of counsel" does not entitle him to relief.

Case Nos.: 4:15cr2/MW/CAS; 4:17cv161/MW/CAS

Williams first maintains that his attorney was ineffective because counsel did not object to the Government's proof as to all the substantive elements of 28 U.S.C. § 2252A(a)(5)(B), possession of child pornography. To sustain a conviction as to Count Two of the indictment the Government was required to prove: (1) the defendant knowingly possessed an item of child pornography; (2) the item of child pornography was produced using material that had been shipped and transported in interstate commerce; and (3) when the defendant possessed the item, the defendant believed the item was child pornography. Williams asserts he did not believe the nude photographs he took of minors fell under the definition of "child pornography," because he believed child pornography to require the depiction of sexual intercourse involving a child. (ECF No. 68-1 at 4.) Therefore, he contends, the Government did not prove all the elements of the crime charged in Count Two.

Williams's professed belief that he did not possess any "child pornography," as he believed it to be defined, is included in the signed Statement of Facts that was part of his plea agreement. (ECF No. 26 at 3.) A description of the pictures separately depicting Victim One ("K.M.") and Victim Two makes clear that the pictures were not merely "nude

pictures of children" as Williams suggests.[1]  Child pornography is defined by statute as any visual depiction of "sexually explicit conduct," which includes lascivious exhibition of the anus, genitals, or pubic area of any person.  *See* 18 U.S.C. § 2256(2)(A)(v) and (8).  The pictures described clearly fell within that description.  During the plea colloquy, Williams admitted, under oath, that the Government could prove all the elements of this offense, beyond a reasonable doubt.  (ECF No. 54 at 23.)  Although given multiple opportunities to confer with counsel or ask questions of the court about the definition of child pornography, Williams never broached this issue.  The record evidence supported Williams's conviction, and counsel was not constitutionally ineffective for failing to assert otherwise.

Second, Williams contends counsel was ineffective because he did not object to the purported lack of proof of the "interstate commerce" element of 18 U.S.C. § 2251(a) in Count One.  He asserts the Government could not satisfy this element of the crime, because his use of the internet alone was insufficient to establish that the pictures crossed state lines.

---

[1] "One of the images depicts K.M's anus being spread open by Williams's finger" and "in one of the images of Victim Two, Williams's hand can be seen spreading Victim Two's legs apart to expose his genitals."  (ECF No. 26 at 2, 3.)

At the plea colloquy, the court advised Williams that one of the elements the Government would be required to prove to secure a conviction for production of child pornography was that Williams knew or had reason to know that the visual depiction would be mailed or transported in interstate commerce, or that it was produced using materials that had been mailed, shipped, or transported in interstate commerce by any means including by computer, or that the visual depiction was mailed or actually transported in interstate commerce.  (ECF No. 54 at 21-22.) Williams acknowledged he understood the elements of the offense, and the Government could prove the offense beyond a reasonable doubt.  (ECF No. 54 at 22-23.)   As the Government notes in its response, Williams's use of a camera manufactured outside the state of Florida would alone suffice to support a conviction under 18 U.S.C. § 2251(a).  *See United States v. Matthews*, 184 F. App'x, 868, 869 (11th Cir. 2006) (holding that the jurisdictional element of 18 U.S.C. § 2251(a) is satisfied where the videotape on which the images were stored and the camera used to film the images, but not the images themselves had previously traveled in interstate commerce).   An objection to the challenged jurisdictional

element would have been meritless and counsel was not constitutionally ineffective.

### Ground Three

Williams's third claim for relief relates to counsel's performance at sentencing. He contends counsel was ineffective because he did not object to the cross reference of U.S.S.G. § 2G2.1(d)(1). Essentially, Williams asserts that his actions against "Victim 3" cannot be counted against him because Williams was not charged with a "conspiracy." (ECF No. 68-1 at 7-8.)

Section 2G2.1(d)(1) of the Sentencing Guidelines provides "If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Application note 5 to this section states:

> Subsection (d)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction.

U.S.S.G. § 2G1.2, comment. (n.5) (Nov. 2014).

By applying Section 2G2.1(d)(1), the court held Williams accountable for the three victims identified in the PSR.  This resulted in a three-point increase in Williams's total offense level.  (*See* ECF No. 32, PSR ¶¶ 50, 52.)

Williams's suggestion that "relevant conduct" may only be counted in the case of a conspiracy is mistaken.  Section § 1B1.3(a)(1)(A) of the Sentencing Guidelines includes as relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  By definition, relevant conduct is not only conduct charged in the indictment.  *See United States v. Dunlap*, 279 F. 3d 965, 966-967 (11th Cir. 2002) (possession of sadistic images at the time defendant committed the offense of transporting child pornography through interstate commerce could be considered relevant conduct under U.S.S.G. § 1B1.2(a)(1)(A) even though the sadistic images were not the images that formed the basis for defendant's conviction).

The indictment in this case identified only a single minor victim (K.M.) whom Williams used to produce child pornography between April 1, 2014 and December 10, 2014.  (ECF No. 14 at 1.)  The PSR reflects that Williams admitted taking nude photographs of another male, identified as

"Victim 2," who was under twelve years of age, and that "Victim 3" took graphic pictures of himself using Williams's cell phone.   (ECF No. 32, PSR ¶¶ 17, 18.)   Images of both children were uploaded to Williams's account on a photo sharing website.   (*Id*.)

The Government asserts that "Williams has never disputed that his conduct occurred during the commission of the offense for which he was convicted in Count One of the Indictment."   (ECF No. 70 at 11.)   In his reply to the Government's response, Williams vehemently maintains that the Government did not meet its burden of showing that his conduct as to Victims Two and Three took place during the same time frame as the conduct as to Victim One. (ECF No. 71.)

Counsel is not constitutionally ineffective for declining to make a meritless objection.   In this case, Williams has not identified the dates, much less provided proof, of when his illicit conduct as to Victims Two and Three took place.   Had this objection been made at sentencing, the Government would have been required to present its proof.   How, or whether it would have been able to do so is unclear from the record.   In the current procedural posture of the case, it is Williams who bears the burden of showing that counsel's failure to object was prejudicial.

However, despite all his protestations about what the Government did not prove, Williams neither denies that the conduct as to Victims Two and Three took place during the April 1, 2014 to December 10, 2014 time frame charged in the indictment nor admits when it did take place.  Therefore, Williams has not shown that counsel was constitutionally ineffective for not objecting to the inclusion of Williams's malfeasance as to the two uncharged victims as relevant conduct.

Conclusion

No evidentiary hearing is necessary for the resolution of Williams's claims.  The court finds that Williams has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Therefore Williams's amended § 2255 motion should be denied in its entirety.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 68) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 6th day of August, 2019.

Case Nos.: 4:15cr2/MW/CAS; 4:17cv161/MW/CAS

    s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.